**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **SAMUEL C. RHONE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **-VS-** | * | |
| | * | |
| **PAUL M. GEORGE, in His Individual** | * | **CIVIL ACTION NO.:   CV223-_____** |
| **and Official Capacity as a Lieutenant** | * | |
| **with the Kingsland Police Department** | * | |
| **and THE CITY OF KINGSLAND,** | * | |
| **GEORGIA, a Municipal Corporation,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT FOR DAMAGES

**SAMUEL C. RHONE**, Plaintiff in the above-styled action, files this his Complaint for Damages and for compensatory and punitive damages against Defendants **PAUL M. GEORGE** in His Individual and Official Capacity as a Lieutenant with the Kingsland Police Department of Kingsland, Georgia and the **CITY** of **KINGSLAND, GEORGIA**.

### I.   INTRODUCTION

**-1-**

Mr. Rhone brings this action against Defendants to compensate him for damages and injuries suffered through his wrongful arrest and prosecution by Defendants and to punish the appropriate Defendants, for their wrongful acts against Mr. Rhone such that it will prevent Defendants from subjecting others to such wrongful and egregious conduct.

-2-

Mr. Rhone brings this action under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 under federal law, and false imprisonment, false arrest, simple assault and battery, and intentional infliction of emotional distress under state law.

-3-

Mr. Rhone seeks damages for violation of his rights protected by the First, Fourth, Fifth, Sixth, and Fourteenth to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 under federal law, and the right to be free from false imprisonment, false arrest, simple assault and battery, and intentional infliction of emotional distress under state law.

-4-

Mr. Rhone demands a trial by jury.

## II.   JURISDICTION

-5-

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises as a civil rights action under the laws of the United States.

## III.   VENUE

-6-

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

**-7-**

The incidents and injuries suffered by Mr. Rhone occurred in this judicial district.

**-8-**

At all times  relevant to this Complaint, Mr. Rhone resided in Kingsland, Camden County, Georgia in the Brunswick Division  of the United States District Court for the Southern District of Georgia.  28 U.S.C. § 90(c)(5).

## IV.   PARTIES

**-9-**

At all times relevant to this Complaint, Defendant George served as a police lieutenant with the Kingsland Police Department of the City of Kingsland, Georgia.

**-10-**

At all times relevant to this Complaint, Defendant City, a municipal corporation,  operated the municipal government of Kingsland, Camden County, Georgia.

## V.   STATEMENT OF THE FACTS

**-11-**

Defendant George stopped Mr. Rhone's vehicle on August 23, 2020 for an alleged illegal window tint.

**-12-**

The officer cited Mr. Rhone for two window tint violations under O.C.G.A. § 40-8-73.1, one for the front window and one for the side window

**-13-**

During the stop, Mr. Rhone informed Defendant George that Mr. Rhone's ophthalmologist,

Dr. Jerry Maida, had recommended a window tint exclusion for Mr. Rhone due to the large size of

Mr. Rhone's pupils.

**-14-**

Defendant George ignored this and issued Mr. Rhone both citations.

**-15-**

Mr. Rhone's had a trial on these citations in the Kingsland Municipal Court on January 4,

2021.

**-16-**

At this trial, Mr. Rhone produced a letter verifying  Dr. Jerry Maida's conclusion and a copy

of Mr. Rhone's approved "State of Georgia Department of Public Safety Application for Exemption

to the Window Tint Law."

**-17-**

Based on this documentation, the Kingsland Municipal Court dismissed both citations.

**-18-**

On or about January 12, 2021, Mr. Rhone filed a citizen's complaint against Defendant

George for Defendant George's conduct at the stop on August 23, 2020.

**-19-**

Mr. Rhone had previously filed a citizen's complaint against Kingsland Police Department

Sergeant Brendan Burns for abusive and threatening conduct by Sergeant Burns against Mr. Rhone.

-20-

Mr. Rhone believes that these citizens' complaints motivated the Kingsland Police Department to start and continue a pattern and practice of illegal conduct and harassment against Mr. Rhone in retaliation for his citizen's complaints and the dismissal of the two citations.

-21-

On February 20, 2021, Defendant George again stopped Mr. Rhone in the same car for alleged excessively tinted windows.

-22-

Defendant added the new charges of tinted brake lights and obscured license tag.

-23-

For some reason, Defendant George had not noticed these additional charges during the stop of Mr. Rhone in the same car on August 23, 2020.

-24-

When Mr. Rhone inquired of the purpose of the stop, Defendant George replied "you already know."

-25-

Mr. Rhone offered to show Defendant George the same documents Defendant George saw at Mr. Rhone's trial on January 4, 2021.

-26-

Defendant George threatened Mr. Rhone by saying that "your paper work won't work this time."

**-27-**

Mr. Rhone protested Defendant George's baseless stop of Mr. Rhone since Defendant George had known for a month that Mr. Rhone had a window tint exemption.

**-28-**

Mr. Rhone protests led to Defendant George arresting Mr. Rhone for "Window Tint Greater Than 32% or window Reflectivity Greater Than 20%" pursuant to O.C.G.A. § 40-8-73.1(b)(2); "Window Tint Violation" under O.C.G.A. § 40-8-73.1(G); "Standards For Brake Lights" proscribed by O.C.G.A. § 40-8-26(a)(1); "Obscurred [sic] or Missing License Plates" prohibited by O.C.G.A. § 40-2-41; "False Statements and Writings, Conealment [sic] of Facts" forbidden by O.C.G.A. § 16-10-20; and "Willful Obstruction of Law Enforcement Officers-Misdemeanor" disallowed by O.C.G.A. § 16-10-24(a).

**-29-**

Instead of releasing Mr. Rhone because Defendant George knew Mr. Rhone possessed a tint exemption, Defendant George continued Mr. Rhone's illegal detention and arrested Mr. Rhone without probable cause on the above charges.

**-30-**

Despite having no reason to arrest Mr. Rhone, Defendant George illegally detained Mr. Rhone and then arrested Mr. Rhone without a warrant and without probable cause.

**-31-**

During the unlawful arrest, Defendant George used excessive force to violently handcuff Mr. Rhone after Mr. Rhone protested the illegal detention and arrest.

**-32-**

This excessive force and caused serious injuries to Mr. Rhone's wrists for which Mr. Rhone still suffers.

**-33-**

Defendant George claimed that Mr. Rhone resisted arrest.

**-34-**

If Mr. Rhone resisted arrest, Mr. Rhone resisted an unlawful stop, detention, and arrest from which Mr. Rhone received serious injury to his wrists from which Mr. Rhone still suffers.

**-35-**

During the unlawful stop, seizure, and arrest, Defendant George questioned Mr. Rhone about certain aspects of the vehicle.

**-36-**

Defendant George did not read Mr. Rhone his *Miranda* rights.

**-37-**

As a result of Mr. Rhone's responses to the custodial interrogation, Defendant George arrested Mr. Rhone for False Statements and Writings, Conealment [sic] of Facts.

**-38-**

Defendant George did not have probable cause or any other reason to stop, detain, or arrest Mr. Rhone.

**-39-**

Defendants acted under color of state law.

## VI. *ANTE LITEM* NOTICE

**-40-**

Counsel has attached and incorporated into this Complaint as Exhibit "A," the *ante litem* notice served on Defendant City.

**-41-**

Counsel has attached and incorporated into this Complaint as Exhibit "B," the proof of service of the *ante litem* notice served on Defendant City.

## VI. CLAIMS F99OR RELIEF

Mr. Rhone makes the following claims against Defendants.

### COUNT I

### FOURTH AMENDMENT
### UNREASONABLE SEIZURE
### ARREST WITHOUT PROBABLE CAUSE
### 42 U.S.C. § 1983

**-42-**

Defendant George lacked reasonable suspicion to stop or frisk Mr. Rhone and lacked probable cause to arrest Mr. Rhone on charges of Window Tint Greater Than 32% or window Reflectivity Greater Than 20%; Window Tint Violation; Standards For Brake Lights; Obscurred [sic] or Missing License Plates; False Statements and Writings, Conealment [sic] of Facts; and Willful Obstruction of Law Enforcement Officers-Misdemeanor.

**-43-**

The acts of Defendant George violated Mr. Rhone's right to freedom from unreasonable seizures in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

**-44-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-45-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

## COUNT II

### FOURTH AMENDMENT
### UNREASONABLE SEIZURE
### EXCESSIVE FORCE
### 42 U.S.C. § 1983

**-46-**

Defendant George used objectively unreasonable and excessive force in his seizure, detention, and arrest of Mr. Rhone.

**-47-**

The actions of Defendant George violated Mr. Rhone's right to be free from an unreasonable seizure in which Defendant George used objectively unreasonable and excessive force in violation of the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

**-48-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-49-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

## COUNT III

**FIRST AMENDMENT**
**FREEDOM OF SPEECH**
**42 U.S.C. § 1983**

**-50-**

Defendant George arrested Mr. Rhone without probable cause to believe that Mr. Rhone engaged in Window Tint Greater Than 32% or window Reflectivity Greater Than 20%; Window Tint Violation; Standards For Brake Lights; Obscurred [sic] or Missing License Plates; False Statements and Writings, Conealment [sic] of Facts; and Willful Obstruction of Law Enforcement Officers-Misdemeanor.

**-51-**

The actions of Defendant George violated Mr. Rhone's right to free expression in violation of the First Amendment, enforceable through 42 U.S.C. § 1983.

**-52-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law,  Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-53-**

Defendant George  undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

## COUNT IV

**FOURTH AMENDMENT**
**FOURTEENTH AMENDMENT**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**
**42 U.S.C. § 1983**

**-54-**

Mr. Rhone complained to Defendant George that Defendant George's violent handcuffing of Mr. Rhone had severely injured Mr. Rhone's wrist.

**-55-**

It would have been obvious to a lay person and was or should have been obvious to Defendant George that Mr. Rhone's injuries required prompt medical attention.

**-56-**

Defendant George refused to provide access to any medical care to Mr. Rhone for his obviously serious injuries.

**-57-**

Defendant George's acts or omissions were deliberately indifferent to Mr. Rhone's serious medical needs, thereby depriving him of due process under the Fourteenth Amendment or constituted an unreasonable seizure under the Fourth Amendment, enforceable through 42 U.S.C. § 1983.

**-58-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-59-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

**COUNT V**

**FIFTH AMENDMENT
DENIAL OF RIGHT TO COUNSEL
42 U.S.C. § 1983**

**-60-**

Defendant George questioned Mr. Rhone while in Defendant had Mr. Rhone in custody without reading Mr. Rhone his *Miranda* rights

**-61-**

As a result of Mr. Rhone's in-custody questioning by Defendant George without reading Mr. Rhone his *Miranda* rights, Mr. Rhone made incriminating statements.

**-62-**

Defendant George's acts or omissions denied Mr. Rhone his Fifth Amendment right to counsel while interrogated, enforceable through 42 U.S.C. § 1983.

**-63-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

**-64-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

**COUNT VI**

**SIXTH AMENDMENT**
**DENIAL OF RIGHT3 TO COUNSEL**
**42 U.S.C. § 1983**

**-65-**

Defendant George questioned Mr. Rhone while in Defendant had Mr. Rhone in custody without reading Mr. Rhone his *Miranda* rights

**-66-**

As a result of Mr. Rhone's in-custody questioning by Defendant George without reading Mr. Rhone his *Miranda* rights, Mr. Rhone made incriminating statements without knowing he had a right to counsel.

**-67-**

Defendant George's acts or omissions denied Mr. Rhone his Sixth Amendment right to counsel for Mr. Rhone's defense, enforceable through 42 U.S.C. § 1983.

**-68-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-69-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

**COUNT VII**

**FALSE IMPRISONMENT
GEORGIA LAW**

**-70-**

Defendant George detained and arrested Mr. Rhone without probable cause and without lawful authority.

-71-

Defendant George's conduct violated Mr. Rhone's right to freedom from false imprisonment.

-72-

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

-73-

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

## COUNT VIII

### FALSE ARREST
### GEORGIA LAW

-74-

Defendant George detained and arrested Mr. Rhone without reasonable suspicion or probable cause.

-75-

Defendant George's acted within the scope of his employment as a lieutenant with the Kingsland Police Department of the City of Kingsland, Georgia.

**-76-**

The unlawful acts of Defendant George directly and proximate caused Mr. Rhone's injuries.

**-77-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

**-78-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

**COUNT IX**

**ASSAULT AND BATTERY
GEORGIA LAW**

**-79-**

Defendant George, by his words and acts, threatened to do bodily harm and actually did bodily harm to Mr. Rhone.

**-80-**

By using excessive and unreasonable force, Defendant George caused harmful, offensive, and non-consensual bodily contact with Mr. Rhone.

**-81-**

These acts by Defendant George were unprivileged and without consent.

**-82-**

Defendant George acted within the scope of his employment as a lieutenant with the Kingsland Police Department of the City of Kingsland, Georgia.

**-83-**

The unlawful acts of Defendant George directly and proximate caused Mr. Rhone's injuries.

**-84-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-85-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing

**COUNT X**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
GEORGIA LAW**

**-86-**

The conduct of Defendant George was extreme and outrageous and was intended to cause and did cause Mr. Rhone severe emotional distress.

**-87-**

Defendant George actions occurred within the scope of his employment as a lieutenant with the Kingsland Police Department of the City of Kingsland, Georgia.

**-88-**

The unlawful acts of Defendant George directly and proximate caused Mr. Rhone's injuries.

**-89-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

**-90-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

**COUNT XI**

**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

**-91-**

Defendant City at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:

a.  The use of objectively unreasonable and excessive force on detainees and arrestees;

b.  Overcharging arrestees with obstruction, resisting arrest, and assault on a police officer when they were simply being uncooperative.

c.  The arrestees receiving serious injuries but the officers not being injured during such encounters; and

d.  The Kingsland Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

**-92-**

The above-described policy, custom, or practice was the direct, proximate cause of Defendant George's violating Mr. Rhone's First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

**-93-**

As a direct and proximate result of Defendant George's deprivation of Mr. Rhone's rights protected by federal and state law, Mr. Rhone has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-94-**

Defendant George undertook his conduct in utter disregard of Mr. Rhone's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Rhone to recover punitive damages in an amount to be decided by a jury to deter Defendant George from future wrongdoing.

## COUNT XII

**ATTORNEY FEES**
**CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976**
**42 U.S.C. §1988**

**-95-**

Should Mr. Rhone prevail, he seeks attorney fees under the Civil Rights Attorney's Fees

Awards Act of 1976,  as amended and codified at 42 U.S.C. §1988.

## VII.  RELIEF REQUESTED

**SAMUEL C. RHONE**, Plaintiff in the above-styled action, requests the judgment of this

Court against Defendants in each Count as noted above.

**SAMUEL C. RHONE DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted.


/s/ *James A. Yancey, Jr.*

JAMES A. YANCEY, JR.
Attorney for Samuel C. Rhone
State Bar of Georgia No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\M-Z\POLICE   MISCONDUCT\M-Z\2021\RHONE-S.CVR\M-Z\
PLEADINGS\RHONE\COMPLAINT FOR DAMAGES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SAMUEL C. RHONE,                                    *
                                                    *
        Plaintiff,                                  *
                                                    *
        -VS-                                        *
                                                    *
PAUL M. GEORGE, in His Individual                   *        CIVIL ACTION NO.:   CV222-_____
and Official Capacity as a Lieutenant               *
with the Kingsland Police Department                *
and THE CITY OF KINGSLAND,                          *
GEORGIA,                                            *
                                                    *
        Defendants.                                 *

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths in

the State of Georgia, **SAMUEL C. RHONE**, who after being duly sworn, deposes and states that

he is the Plaintiff in the above-styled action and verifies that the facts contained in the within and

foregoing Complaint for Damages are true and correct to the best of his information, knowledge

and belief.

This 10th day of June 2022.


_____
SAMUEL C. RHONE


Sworn to and subscribed before me
This 10th day of June 2022.


_____
NOTARY PUBLIC
My Commission Expires: 06/23/2023