# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| SAMUEL C. RHONE,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL M. GEORGE, in his individual and official capacity as a Lieutenant with the Kingsland Police Department, and THE CITY OF KINGSLAND, GEORGIA, a municipal corporation,<br><br>    Defendants. | CV 2:23-005 |

## ORDER

Before the Court is Defendant City of Kingsland's (the "City") motion to dismiss. Dkt. No. 7. Plaintiff Samuel Rhone has filed no opposition to the motion, and the time for doing so has long passed. As such, the motion is ripe for review.

## BACKGROUND[1]

On August 23, 2020, Defendant Paul George, an officer with the Kingsland Police Department, stopped Plaintiff's vehicle for an alleged illegal window tint. Dkt. No. 1 ¶¶ 9, 11. Plaintiff alleges that during the stop, he informed Defendant George that his ophthalmologist, Dr. Jerry Maida, had recommended a window tint exclusion for Plaintiff due to the large size of his pupils,

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

but Defendant George ignored the information and cited Plaintiff for two window tint violations, one for the front window and one for the side window. Id. ¶¶ 12-14.

On January 4, 2021, Plaintiff appeared at a trial for the citations in Kingsland Municipal Court. Id. ¶ 15. At the trial, Plaintiff produced both a letter verifying Dr. Maida's conclusion and a copy of Plaintiff's approved "State of Georgia Department of Public Safety Application for Exemption of the Window Tint Law." Id. ¶ 16. Based on this documentation, the Kingsland Municipal Court dismissed both citations. Id. ¶ 17.

On or about January 12, 2021, Plaintiff filed a citizen's complaint against Defendant George for his conduct during the August 23, 2020 traffic stop. Id. ¶ 18. Plaintiff had previously filed a similar complaint against Kingsland Police Department Sergeant Brendan Burns "for abusive and threatening conduct." Id. ¶ 19. Plaintiff "believes these citizens' complaints motivated the Kingsland Police Department to start and continue a pattern and practice of . . . harassment" against Plaintiff. Id. ¶ 20.

On February 20, 2021, Defendant George again stopped Plaintiff, who was driving the same car, for alleged illegal window tint. Id. ¶ 21. This time, Defendant George "added . . . new charges of tinted brake lights and obscured license tag." Id. ¶ 22. Plaintiff alleges "Defendant George had not noticed these additional charges" during the August 23, 2020 traffic stop of the

same vehicle. Id. ¶ 23. Plaintiff alleges he inquired about the purpose of the stop, and Defendant George replied, "you already know." Id. ¶ 24. Plaintiff states he offered to show Defendant George the same documents he had produced at the January 4, 2021 trial, but Defendant George threatened Plaintiff by saying "your paper work won't work this time." Id. ¶ 26. Plaintiff alleges Defendant George interrogated him about certain aspects of the vehicle. Id. ¶ 35. The complaint states Plaintiff "protested" the traffic stop, and Defendant George—without reading Miranda rights—arrested Plaintiff for several infractions, including two for window tint, one for brake lights, one for an obscured license plate, one for false statements and concealment of facts, and one for obstruction of a law enforcement officer. Id. ¶¶ 27, 28, 36. Plaintiff alleges Defendant George forcefully placed him in handcuffs, causing serious injuries to his wrists. Id. ¶¶ 31, 32.

On January 5, 2023, Plaintiff filed a complaint in this Court. Dkt. No. 1. Against Defendant George, Plaintiff alleges a 42 U.S.C. § 1983 claim for unreasonable seizure via arrest without probable cause in violation of the Fourth Amendment (Count I); a § 1983 claim for unreasonable seizure via excessive force in violation of the Fourth Amendment (Count II); a § 1983 claim for violation of his First Amendment right of freedom of speech (Count III); a § 1983 claim for deliberate indifference to serious medical needs in violation of the Fourth and Fourteenth Amendments (Count

IV); a § 1983 claim for denial of right to counsel in violation of the Fifth Amendment (Count V); a § 1983 claim for denial of right to counsel in violation of the Sixth Amendment (Count VI); and state-law claims for false imprisonment (Count VII), false arrest (Count VIII), assault and battery (Count IX), and intentional infliction of emotional distress (Count X). Id. at 8, 9, 10, 11, 12, 13, 14, 15, 16, 17. Against Defendant City, Plaintiff alleges a § 1983 Monell[2] municipal-liability claim (Count XI). Id. at 18. Plaintiff seeks compensatory and punitive damages, as well as attorney fees under 42 U.S.C. § 1988. Id. at 1, 20.

## LEGAL AUTHORITY

In order to state a claim for relief under Federal Rule of Civil Procedure 8, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility" when the plaintiff "pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray

---

[2] Monell v. Dep't of Social Servs. of New York, 436 U.S. 658 (1978) (holding local governments are "persons" for purposes of 42 U.S.C. § 1983 claims and are strictly liable for customary constitutional violations).

v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Plaintiff's sole claim against Defendant City is a Monell municipal-liability claim. Dkt. No. 1 at 18. It reads:

> Defendant City at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:
>
> a. The use of objectively unreasonable and excessive force on detainees and arrestees;

5

    b. Overcharging arrestees with obstruction, resisting arrest, and assault on a police officer when they were simply being uncooperative[;]

    c. The arrestees receiving serious injuries but the officers not being injured during such encounters; and

    d. The Kingsland Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

Id. at 18-19.

Defendant city argues Plaintiff's claim "fails for lack of *any* supporting *factual* allegations." Dkt. No. 7 at 2. Plaintiff has filed no response to the City's motion.

In the complaint, Plaintiff alleges Defendant City is liable for the conduct of Defendant George. Dkt. No. 1 at 18. To support his claim, Plaintiff alleges he has filed two citizens' complaints with the Kingsland Police Department—against Defendant George and a non-party officer—which he believes "motivated the Kingsland Police Department to start and continue a pattern and practice of illegal conduct and harassment against" him. Id. at 20.

Supervisory entities may be held liable under § 1983 where they "direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them." Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). In order to establish municipal liability, a plaintiff must show that the municipal employee's unconstitutional acts "implement[ ] or

6

execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or else are taken "pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 690-91.  To state a claim for relief under Monell, a plaintiff must plead factual allegations which, if proven true, would be sufficient to establish that the municipality either had an official policy of permitting unconstitutional acts or was on notice of a need to implement a policy preventing unconstitutional acts.  See Grider v. Cook, 522 F. App'x 544, 547-48 (11th Cir. 2013) (affirming dismissal of Monell claim where plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation"); Williams v. Fulton Cnty. Sch. Dist., 181 F. Supp. 3d 1089, 1122 (N.D. Ga. 2016) (noting that knowledge of constitutional violations is required for Monell claim and that knowledge "may come from actual notice, or may be imputed via constructive notice under some circumstances through notice to an appropriate senior official").

Here, Plaintiff has failed to plausibly allege § 1983 liability on the part of the City.  First, his allegation that Defendant City "has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights" is conclusory and not entitled to a presumption

7

of truth. Iqbal, 556 U.S. at 678-79. Further, though Plaintiff identifies four alleged policies which would result in constitutional violations, he fails to provide any factual allegations about those policies to show they resulted in his alleged constitutional deprivation. Grider, 522 F. App'x at 548; see also DiPietro v. Med. Staff at Fulton Cnty. Jail, 805 F. App'x 793, 795 (11th Cir. 2020) ("[T]o state a claim under § 1983 against a local governing body for the unconstitutional actions of its employees or agents, a plaintiff must allege *facts showing* that the municipality had an official policy or custom that constituted deliberate indifference to his constitutional rights[.]" (emphasis added)). Finally, Plaintiff fails to allege any previous incidents which would have put the City on notice of constitutional violations. Williams, 181 F. Supp. 3d at 1122. Indeed, the factual allegations in the complaint pertain solely to Plaintiff's own encounters with Defendant George, which alone are not sufficient to put the City on notice of constitutional deprivations. See Connick v. Thompson, 563 U.S. 51, 62 (2011) (noting that to satisfy the notice requirement, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary'"). Therefore, Plaintiff's Monell claim against the City cannot survive, and the City's motion to dismiss is **GRANTED**.

**CONCLUSION**

Defendant City of Kingsland's motion to dismiss, dkt. no. 7, is **GRANTED,** and Plaintiff's claims against the City are **DISMISSED with prejudice.** The Clerk is **DIRECTED** to terminate the City as a defendant in this action.

**SO ORDERED,** this 27th day of March, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA