IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SAMUEL C. RHONE, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * Case Number: 2:23-cv-0005-LGW-BWC |
| | * |
| PAUL M. GEORGE and | * |
| CITY OF KINGSLAND, GEORGIA, | * |
| | * |
| Defendants | * |

**ANSWER AND DEFENSES OF PAUL M. GEORGE**

COMES NOW Paul M. George, defendant in the above-styled action, and files this his Answer and Defenses to plaintiff's Complaint, and shows the Court as follows:

**FIRST DEFENSE**

The allegations in the plaintiff's Complaint fail to state a claim upon which relief may be granted against this defendant.

**SECOND DEFENSE**

All claims against defendant George in his official capacity are barred by this Court's order dated March 27, 2023 granting the Motion to Dismiss of the City of Kingsland, Georgia. All "official capacity" claims against this defendant are simply duplicative of the claims against the City of Kingsland, Georgia.

**THIRD DEFENSE**

All claims against this defendant are barred by the doctrine of qualified immunity under federal law.

-1-

**FOURTH DEFENSE**

All claims against this defendant are barred by the doctrine of official immunity under Georgia law.

**FIFTH DEFENSE**

To the extent not barred by the March 27, 2023 Order granting the Motion to Dismiss of the City of Kingsland, Georgia, plaintiff's state law claims against this defendant, in his official capacity, are barred by sovereign immunity.

**SIXTH DEFENSE**

Plaintiff's claims against this defendant are barred by the existence of probable cause for his arrest, or in the alternative, arguable probable cause for his arrest.

**SEVENTH DEFENSE**

To the extent any force was used to effectuate the arrest of plaintiff, such force was both objectively reasonable and de minimis.

**EIGHTH DEFENSE**

Plaintiff did not experience a serious medical need at any time during his interaction with this defendant.

**NINTH DEFENSE**

This defendant did not exhibit deliberate indifference to any serious medical need of plaintiff.

**TENTH DEFENSE**

Neither federal nor state law provide a civil action with regard to certain of plaintiff's claims alleged in his Complaint for Damages.

**ELEVENTH DEFENSE**

No actions taken by this defendant rise to the level of stating an intentional infliction of emotional distress claim under Georgia law.

**TWELFTH DEFENSE**

Responding to the individually numbered paragraphs of plaintiff's Complaint, this defendant responds, as follows:

### I.  Introduction

1.      The allegations in paragraph 1 of plaintiff's Complaint for Damages ("Complaint") contain a general descriptive nature of the type of action plaintiff intends to file.  However, this defendant denies any liability to the plaintiff, and further denies that he committed any acts as described therein.

2.      The allegations in paragraph 2 of plaintiff's Complaint contain a general descriptive nature of the type of action plaintiff intends to file.  However, this defendant denies any liability to the plaintiff, and further denies that he committed any acts as described therein.

3.      The allegations in paragraph 3 of plaintiff's Complaint contain a general descriptive nature of the type of action plaintiff intends to file.  However, this defendant denies any liability to the plaintiff, and further denies that he committed any acts as described therein.

4.      Defendant admits the allegation in paragraph 4 of the Complaint.

### II.  Jurisdiction

5.      With regard to the allegations in paragraph 5, defendant admits that this Court generally has jurisdiction over civil rights actions.

### III.  Venue

6.      Defendant admits the allegations in paragraph 6 of plaintiff's Complaint.

7.      With regard to the allegations in paragraph 7 of plaintiff's Complaint, this defendant admits that his interaction with plaintiff occurred within this judicial district, but denies the specific allegations in paragraph 7 of the Complaint.

8.      This defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 of plaintiff's Complaint.

### IV.  Parties

9.      The allegations in paragraph 9 of plaintiff's Complaint are admitted.

10.     The allegations in paragraph 10 of plaintiff's Complaint are denied, as worded. However, this defendant acknowledges that the City of Kingsland, Georgia is a municipal corporation.

### V.  Statement of Facts

11.     With regard to the allegations in paragraph 11 of plaintiff's Complaint, this defendant admits that he stopped the vehicle being operated by plaintiff on the date alleged for illegal window tint.

12.     The allegations in paragraph 12 of plaintiff's Complaint are admitted.

13.     With regard to the allegations in paragraph 13 of plaintiff's Complaint, defendant acknowledges that plaintiff mentioned information similar to that alleged, but produced no documentation regarding that matter.

14.     This defendant denies the allegations in paragraph 14 of plaintiff's Complaint, as alleged and further notes that plaintiff had no documentation from any medical provider.

15.    The allegations in paragraph 15 of plaintiff's Complaint are admitted.

16.    The allegations in paragraph 16 of plaintiff's Complaint are denied, as worded.

17.    The allegations in paragraph 17 of plaintiff's Complaint are denied.  Rather, the Judge stated he dismissed the citations because plaintiff had allegedly sold the car to his mother, which turned out to be false.

18.    With regard to the allegations in paragraph 18 of plaintiff's Complaint, this defendant, upon information and belief, understands such allegation to be accurate.

19.    With regard to the allegations in paragraph 19 of plaintiff's Complaint, this defendant acknowledges that plaintiff made such representation, though defendant has no independent knowledge of the accuracy of the statement.

20.    With regard to the allegations in paragraph 20 of plaintiff's Complaint, this defendant cannot speculate as to the beliefs of plaintiff.  Responding further, to the extent plaintiff holds such belief, it is incorrect.

21.    With regard to the allegations in paragraph 21 of plaintiff's Complaint, this defendant admits that he stopped the vehicle plaintiff was operating because he had probable cause to suspect that it had tinted windows in violation of Georgia law, which it did.

22.    The allegations in paragraph 22 of plaintiff's Complaint are denied, as worded. Though such citations were issued, they were not "added."

23.    With regard to the allegations in paragraph 23 of plaintiff's Complaint, this defendant is without sufficient knowledge or information to admit or deny such allegations as he does not recall whether he simply chose not to issue such citations on the prior occasion, or whether the condition of the vehicle had changed.

24.     The allegations in paragraph 24 of plaintiff's Complaint are denied.

25.     The allegations in paragraph 25 of plaintiff's Complaint are denied.

26.     The allegations in paragraph 26 of plaintiff's Complaint are denied.

27.     The allegations in paragraph 27 of plaintiff's Complaint are denied.

28.     The allegations in paragraph 28 of plaintiff's Complaint are denied, as worded. Responding further, defendant acknowledges that plaintiff received such citations.

29.     The allegations in paragraph 29 of plaintiff's Complaint are denied.

30.     The allegations in paragraph 30 of plaintiff's Complaint are denied.

31.     The allegations in paragraph 31 of plaintiff's Complaint are denied.

32.     The allegations in paragraph 32 of plaintiff's Complaint are denied.

33.     The allegations in paragraph 33 of plaintiff's Complaint are denied, as worded.

34.     The allegations in paragraph 34 of plaintiff's Complaint are denied.

35.     The allegations in paragraph 35 of plaintiff's Complaint are denied, as worded.

36.     With regard to the allegations in paragraph 36 of plaintiff's Complaint, defendant is without sufficient knowledge or information to admit or deny such allegations at this time, but notes that the interaction was recorded by a law enforcement camera which can establish the accuracy of such allegation.

37.     The allegations in paragraph 37 of plaintiff's Complaint are denied, as worded.  As shown by the video referenced above, plaintiff had not been arrested when he made the false statements, which were clearly recorded on video and audio.

38.     The allegations in paragraph 38 of plaintiff's Complaint are denied.

39.     The allegations in paragraph 39 of plaintiff's Complaint are admitted.

## VI.  *Ante Litem* Notice

40.     Based upon information and belief, this defendant admits the allegations in paragraph 40 of the Complaint.

41.     Based upon information and belief, this defendant admits the allegations in paragraph 41 of the Complaint.

## VI.  Claims F99or Relief

### Count I

**Fourth Amendment**
**Unreasonable Seizure**
**Arrest Without Probable Cause**
**42 U.S.C. § 1983**

42.     The allegations in paragraph 42 of plaintiff's Complaint are denied.

43.     The allegations in paragraph 43 of plaintiff's Complaint are denied.

44.     The allegations in paragraph 44 of plaintiff's Complaint are denied.

45.     The allegations in paragraph 45 of plaintiff's Complaint are denied.

### Count II

**Fourth Amendment**
**Unreasonable Seizure**
**Excessive Force**
**42 U.S.C. § 1983**

46.     The allegations in paragraph 46 of plaintiff's Complaint are denied.

47.     The allegations in paragraph 47 of plaintiff's Complaint are denied.

48.     The allegations in paragraph 48 of plaintiff's Complaint are denied.

49.     The allegations in paragraph 49 of plaintiff's Complaint are denied.

**Count III**

**First Amendment**
**Freedom of Speech**
**42 U.S.C. § 1983**

50.     The allegations in paragraph 50 of plaintiff's Complaint are denied.

51.     The allegations in paragraph 51 of plaintiff's Complaint are denied.

52.     The allegations in paragraph 52 of plaintiff's Complaint are denied.

53.     The allegations in paragraph 53 of plaintiff's Complaint are denied.

**Count IV**

**Fourth Amendment**
**Fourteenth Amendment**
**Deliberate Indifference to Serious Medical Needs**
**42 U.S.C. § 1983**

54.     The allegations in paragraph 54 of plaintiff's Complaint are denied.

55.     The allegations in paragraph 55 of plaintiff's Complaint are denied.

56.     The allegations in paragraph 56 of plaintiff's Complaint are denied.

57.     The allegations in paragraph 57 of plaintiff's Complaint are denied.

58.     The allegations in paragraph 58 of plaintiff's Complaint are denied.

59.     The allegations in paragraph 59 of plaintiff's Complaint are denied.

**Count V**

**Fifth Amendment**
**Denial of Right to Counsel**
**43 U.S.C. § 1983**

60.     The allegations in paragraph 60 of plaintiff's Complaint are denied.

61.     The allegations in paragraph 61 of plaintiff's Complaint are denied.

62.     The allegations in paragraph 62 of plaintiff's Complaint are denied.

63.     The allegations in paragraph 63 of plaintiff's Complaint are denied.

64.     The allegations in paragraph 64 of plaintiff's Complaint are denied.

**Count VI**

**Sixth Amendment**
**Denial of Right3 to Counsel**
**42 U.S.C. § 1983**

65.     The allegations in paragraph 65 of plaintiff's Complaint are denied.

66.     The allegations in paragraph 66 of plaintiff's Complaint are denied.

67.     The allegations in paragraph 67 of plaintiff's Complaint are denied.

68.     The allegations in paragraph 68 of plaintiff's Complaint are denied.

69.     The allegations in paragraph 69 of plaintiff's Complaint are denied.

**Count VII**

**False Imprisonment**
**Georgia Law**

70.     The allegations in paragraph 70 of plaintiff's Complaint are denied.

71.     The allegations in paragraph 71 of plaintiff's Complaint are denied.

72.     The allegations in paragraph 72 of plaintiff's Complaint are denied.

73.     The allegations in paragraph 73 of plaintiff's Complaint are denied.

**Count VIII**

**False Arrest**
**Georgia Law**

74.     The allegations in paragraph 74 of plaintiff's Complaint are denied.

75.     The allegations in paragraph 75 of plaintiff's Complaint are admitted.

76.     The allegations in paragraph 76 of plaintiff's Complaint are denied.

77.     The allegations in paragraph 77 of plaintiff's Complaint are denied.

78.     The allegations in paragraph 78 of plaintiff's Complaint are denied.

**Count IX**

**Assault and Battery**
**Georgia Law**

79.     The allegations in paragraph 79 of plaintiff's Complaint are denied.

80.     The allegations in paragraph 80 of plaintiff's Complaint are denied.

81.     The allegations in paragraph 81 of plaintiff's Complaint are denied.

82.     The allegations in paragraph 82 of plaintiff's Complaint are admitted.

83.     The allegations in paragraph 83 of plaintiff's Complaint are denied.

84.     The allegations in paragraph 84 of plaintiff's Complaint are denied.

85.     The allegations in paragraph 85 of plaintiff's Complaint are denied.

**Count X**

**Intentional Infliction of Emotional Distress**
**Georgia Law**

86.     The allegations in paragraph 86 of plaintiff's Complaint are denied.

87.     The allegations in paragraph 87 of plaintiff's Complaint are admitted.

88.     The allegations in paragraph 88 of plaintiff's Complaint are denied.

89.     The allegations in paragraph 89 of plaintiff's Complaint are denied.

90.     The allegations in paragraph 90 of plaintiff's Complaint are denied.

**Count XI**

**Municipal Liability Under 42 U.S.C. § 1983**

91.     With regard to the allegations in paragraph 91 of plaintiff's Complaint, this defendant states that such allegations are not directed at him, but he understands all of those claims to have been dismissed by virtue of the Court's March 27, 2023 Order granting the Motion to Dismiss of the City of Kingsland, Georgia.

92.     With regard to the allegations in paragraph 92 of plaintiff's Complaint, this defendant states that such allegations are not directed at him, but he understands all of those claims to have been dismissed by virtue of the Court's March 27, 2023 Order granting the Motion to Dismiss of the City of Kingsland, Georgia.

93.     The allegations in paragraph 93 of plaintiff's Complaint are denied.

94.     The allegations in paragraph 94 of plaintiff's Complaint are denied.

**Count XII**

**Attorney Fees**
**Civil Rights Attorney's Fees Awards Act of 1976**
**42 U.S.C. § 1988**

95.     The allegations in paragraph 95 of plaintiff's Complaint are denied.

Any allegations in plaintiff's Complaint that have not previously admitted, denied, or otherwise responded to herein, are hereby denied.

**WHEREFORE**, defendant prays as follows:

(a)     That his Answer and Defenses be inquired into and sustained;

(b)     That the plaintiff's Complaint be dismissed, and that all relief requested therein be denied; and

(c)     For any and all other relief the Court deems just or proper.

This fifth day of April, 2023.

/s/ Richard K. Strickland

Richard K. Strickland
Georgia State Bar Number: 687830
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com

**ATTORNEY FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SAMUEL C. RHONE,                          *
                                          *
    Plaintiff                             *
                                          *
    v.                                    * Case Number: 2:34-cv-0005-LGW-BWC
                                          *
PAUL M. GEORGE and                        *
CITY OF KINGSLAND, GEORGIA,               *
                                          *
    Defendants                            *

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served all parties in this case in accordance with the

directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of

electronic filing.

    Submitted this fifth day of April, 2023.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar Number: 687830
Attorney for Defendants
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com

**ATTORNEY FOR DEFENDANT**
